**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: BUSH, STEVEN D § Case No. 12-46302
§
§
§
Debtor(s) §

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on November 26, 2012. The undersigned trustee was appointed on November 26, 2012.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of         $         3,500.00

    Funds were disbursed in the following amounts:

    | | |
    |---|---:|
    | Payments made under an interim distribution | 0.00 |
    | Administrative expenses | 0.00 |
    | Bank service fees | 80.00 |
    | Other payments to creditors | 0.00 |
    | Non-estate funds paid to 3rd Parties | 0.00 |
    | Exemptions paid to the debtor | 0.00 |
    | Other payments to the debtor | 0.00 |
    | Leaving a balance on hand of[1]   $ | 3,420.00 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was / / and the deadline for filing governmental claims was 05/25/2013. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $875.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $138.93, for a total compensation of $138.93.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/09/2014   By: /s/CHARLES J. MYLER
                        Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:  )  BK No.:   12-46302
STEVEN D. BUSH,  )
 )  Chapter:  7
 )
 )  Honorable Manuel Barbosa
 )
 )  Kane
 )
Debtor(s)  )

## ORDER AUTHORIZING EMPLOYMENT OF ATTORNEYS FOR TRUSTEE

UPON PETITION of Charles J. Myler, Trustee in Bankruptcy, for an order authorizing him to employ Charles J. Myler, Richard G. Larsen and Myler, Ruddy & McTavish as his attorneys, due notice having been given, and it being represented to the Court that said attorneys represent no interest adverse to the estate with respect to matters upon which they are to be engaged, that their employment is necessary and would be in the best interests of the estate, and sufficient cause having been shown therefor,

IT IS HEREBY ORDERED that the employment of Charles J. Myler, Richard G. Larsen and Myler, Ruddy & McTavish represent the trustee during the pendency of these proceedings is hereby authorized and confirmed and compensation is to be set by order of the Court.

ENTERED
DEC 0 6 2012
MANUEL BARBOSA, BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

Enter:

United States Bankruptcy Judge

Dated:

**Prepared by:**

Charles J. Myler, ARDC #2008602
Richard G. Larsen, ARDC#6193054
MYLER, RUDDY & McTAVISH
Attorneys for Trustee
105 East Galena Blvd., 8th Floor
Aurora, Illinois 60505
(630)897-8475
(630)897-8076 Fax

Rev: 20120501_bko

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: ) BK No.: 12-46302
STEVEN D. BUSH, )
) Chapter: 7
) Honorable Carol A. Doyle
)
) Kane
Debtor(s) )

**Order Authorizing Employment of Additional Attorney for Trustee**

Upon motion of Charles J. Myler, trustee, for an order authorizing him to employ G Alexander McTavish as his attorney, due notice having been given, and it being represented to the Court that said attorney represents no interest adverse to the estate with respect to matters upon which he is to be engaged, that his employment is necessary and would be in the best interests of the estate, and sufficient cause having been shown therefor, it is hereby ORDERED:

1. The motion is granted.

2. The employment of G. Alexander McTavish to represent the trustee during the pendency of these proceedings is hereby authorized and confirmed. Compensation is to be set by order of the Court.

Enter: *Donald R. Cassling*

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated: July 25, 2013

**Prepared by:**

G. Alexander McTavish (ARDC No. 1871013)
Foote, Mielke, Chavex & O'Neil, LLC
10 W. State Street, Suite 200
Geneva, IL 60134
630-232-7450
630-232-7452 (fax)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:  )   BK No.: 12-46302
STEVEN D. BUSH,  )
)   Chapter: 7
)   Honorable Carol A. Doyle
)
)   Kane
)
Debtor(s)  )

**Order Authorizing Trustee to Sell his Right, Title and Interest
in a 2010 Mazda 3 Automobile to the Debtor**

This matter comes on for hearing upon the trustee's motion to sell his right, title and interest in a 2010 Mazda 3 automobile to the debtor for $3500 subject to the lien of Wells Fargo Dealer Services. The Court finds that the purchase price is fair and the sale is in the best interests of the estate. The Court further finds, for cause, that notice of the motion was adequate under the circumstances. Accordingly, it is hereby ORDERED:

1. The motion is granted.

2. The trustee is authorized to sell his right, title and interest in the 2010 Mazda 3 automobile to the debtor for $3500 subject to the lien of Wells Fargo Dealer Services.

Enter:  *Donald R. Cassling*

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated: July 25, 2013

**Prepared by:**

G. Alexander McTavish (ARDC No. 1871013)
Foote, Mielke, Chavez & O'Neil, LLC
10 W. State Street, Suite 200
Geneva, IL 60134
630-232-7450
630-232-7452 (fax)

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 12-46302  
**Case Name:** BUSH, STEVEN D  

**Period Ending:** 05/09/14

**Trustee:** (330510)   CHARLES J. MYLER  
**Filed (f) or Converted (c):** 11/26/12 (f)  
**§341(a) Meeting Date:** 01/07/13  
**Claims Bar Date:**

| 1<br>Ref. # | Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Cash<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 52 | 500.00 | 0.00 | | 0.00 | FA |
| 2 | Checking at Citibank<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 52; Original asset description: Checking at Citibank certificates of deposit or | 3,000.00 | 0.00 | | 0.00 | FA |
| 3 | Misc. household goods and furnishings<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 52; Original asset description: Misc. household goods and furnishings audio, vid | 2,000.00 | 1,500.00 | | 0.00 | FA |
| 4 | baseball card collection, sports memorabilia<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 52; Original asset description: baseball card collection, sports memorabilia sta | 200.00 | 0.00 | | 0.00 | FA |
| 5 | Nec. clothing<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 52 | 500.00 | 0.00 | | 0.00 | FA |
| 6 | wedding ring and jewelry<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 52 | 500.00 | 500.00 | | 0.00 | FA |
| 7 | Term life insurance issued by West Coast Life<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 52; Original asset description: Term life insurance issued by West Coast Life in | 0.00 | 0.00 | | 0.00 | FA |
| 8 | 401(k)<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 52 | 74,000.00 | 0.00 | | 0.00 | FA |
| 9 | Rollover 401(k)<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 52; Original asset description: Rollover 401(k) Give particulars. | 8,400.00 | 0.00 | | 0.00 | FA |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 12-46302
Case Name: BUSH, STEVEN D

Period Ending: 05/09/14

Trustee: (330510) CHARLES J. MYLER
Filed (f) or Converted (c): 11/26/12 (f)
§341(a) Meeting Date: 01/07/13
Claims Bar Date:

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 10 | 100% ownership in M & S Holding, Ltd.; holding c<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 52 | 0.00 | 0.00 | | 0.00 | FA |
| 11 | 100% ownership of Innovative Medical Consulting,<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 52 | 4,000.00 | 4,000.00 | | 0.00 | 4,000.00 |
| 12 | 50% ownership in Empire Ventures, LLC (owns 16 a<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; | 0.00 | 0.00 | | 0.00 | FA |
| 13 | 51% ownership of Fox Valley Women & Children's H<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 52 | 0.00 | 0.00 | | 0.00 | FA |
| 14 | loans to Fox Valley Women & Children's Health Pa<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 52 | 915,539.20 | 915,539.20 | | 0.00 | 915,539.20 |
| 15 | 2010 Mazda 3<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 52 | 8,000.00 | 3,529.00 | | 3,500.00 | FA |
| 16 | 2012 Toyota Sequoia<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 52 | 46,000.00 | 0.00 | | 0.00 | FA |
| 17 | 2 waverunners<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 52 | 2,500.00 | 2,500.00 | | 0.00 | FA |
| 18 | Boat Slip<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 52; Original<br>asset description: nly2004 Rinker 320 | 50,000.00 | 0.00 | | 0.00 | 50,000.00 |
| 19 | are OBoat Slip<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; | 50,000.00 | 50,000.00 | | 0.00 | 50,000.00 |
| 20 | boat trailer<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 52; Original<br>asset description: Softwboat trailer | 200.00 | 200.00 | | 0.00 | FA |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 12-46302
Case Name: BUSH, STEVEN D

Period Ending: 05/09/14

Trustee: (330510)   CHARLES J. MYLER
Filed (f) or Converted (c): 11/26/12 (f)
§341(a) Meeting Date: 01/07/13
Claims Bar Date:

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 21 | month on leases) 50% ownership in Empire Venture<br>Orig. Asset Memo: Imported from Amended Doc#: 52 | 0.00 | 0.00 | | 0.00 | 0.00 |
| 22 | 51% interest in SCG Investments LLC; set up to b<br>Orig. Asset Memo: Imported from Amended Doc#: 52 | 0.00 | 0.00 | | 0.00 | 0.00 |
| 23 | interest in Cura Investment Group, LLC; pays Deb<br>Orig. Asset Memo: Imported from Amended Doc#: 52 | 0.00 | 0.00 | | 0.00 | 0.00 |
| 24 | 2004 Rinker 320<br>Imported from Amended Doc#: 52 | 50,000.00 | 50,000.00 | | 0.00 | 50,000.00 |
| 24 | Assets    Totals (Excluding unknown values) | $1,215,339.20 | $1,027,768.20 | | $3,500.00 | $1,069,539.20 |

**Major Activities Affecting Case Closing:**

Trustee is monitoring control of case and progress in related Chapter 11

Initial Projected Date Of Final Report (TFR):   June 30, 2013

Current Projected Date Of Final Report (TFR):   March 31, 2014

# Form 2
## Cash Receipts And Disbursements Record

**Case Number:** 12-46302
**Case Name:** BUSH, STEVEN D

**Taxpayer ID #:** **-***0514
**Period Ending:** 05/09/14

**Trustee:** CHARLES J. MYLER (330510)
**Bank Name:** Rabobank, N.A.
**Account:** ******9566 - Checking Account
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 09/12/13 | {15} | Innovative Medical Consulting, Inc. | Proceeds from sale of car to debtor | 1129-000 | 3,500.00 | | 3,500.00 |
| 09/30/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 3,490.00 |
| 10/31/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 3,480.00 |
| 11/29/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 3,470.00 |
| 12/31/13 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 3,460.00 |
| 01/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 3,450.00 |
| 02/28/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 3,440.00 |
| 03/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 3,430.00 |
| 04/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 10.00 | 3,420.00 |

|  |  |  |
|---|---|---|
| ACCOUNT TOTALS | 3,500.00 | 80.00 | $3,420.00 |
| Less: Bank Transfers | 0.00 | 0.00 | |
| Subtotal | 3,500.00 | 80.00 | |
| Less: Payments to Debtors | | 0.00 | |
| NET Receipts / Disbursements | $3,500.00 | $80.00 | |

Net Receipts : 3,500.00
Net Estate : $3,500.00

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ******9566 | 3,500.00 | 80.00 | 3,420.00 |
| | $3,500.00 | $80.00 | $3,420.00 |

{} Asset reference(s)

Printed: 05/09/2014 04:49 PM   V.13.15

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-46302
Case Name: BUSH, STEVEN D
Trustee Name: CHARLES J. MYLER

**Balance on hand:** $ 3,420.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 12 -3 | CDH-Delnor Health System | 148,990.29 | 0.00 | 0.00 | 0.00 |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 3,420.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - CHARLES J. MYLER | 875.00 | 0.00 | 138.93 |
| Attorney for Trustee, Fees - Myler, Ruddy & McTavish | 20,637.50 | 0.00 | 3,276.81 |
| Attorney for Trustee, Expenses - Myler, Ruddy & McTavish | 26.80 | 0.00 | 4.26 |

Total to be paid for chapter 7 administration expenses: $ 3,420.00
Remaining balance: $ 0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

**UST Form 101-7-TFR (05/1/2011)**

|  | Total to be paid for priority claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 27,601,629.03 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Branch Banking & Trust Company | 78,089.07 | 0.00 | 0.00 |
| 2 | Sallie Mae | 65,661.85 | 0.00 | 0.00 |
| 3 | FIA CARD SERVICES, N.A. | 26,873.72 | 0.00 | 0.00 |
| 4 | American InfoSource LP as agent for | 283.20 | 0.00 | 0.00 |
| 5 | American InfoSource LP as agent for | 263.71 | 0.00 | 0.00 |
| 6 | American Express Centurion Bank | 244.90 | 0.00 | 0.00 |
| 7 | Mirabella, Kincaid, Frederick & Mirabell | 20,900.00 | 0.00 | 0.00 |
| 8 | BMO Harris Bank, N.A. | 3,635,003.36 | 0.00 | 0.00 |
| 9 | MB Financial Bank N A | 3,116,557.94 | 0.00 | 0.00 |
| 10 | MB Financial Bank N A | 3,116,557.94 | 0.00 | 0.00 |
| 11 | American Express Bank, FSB | 189,722.76 | 0.00 | 0.00 |
| 13 | Suburban Bank & Trust Company | 17,186,354.81 | 0.00 | 0.00 |
| 14 | Jeffrey D. Postlewaite, D.O., S.C. | 0.00 | 0.00 | 0.00 |
| 15 | Jeffrey D. Postlewaite, D.O., S.C. | 0.00 | 0.00 | 0.00 |
| 16 | Jeffrey Postlewaite | 0.00 | 0.00 | 0.00 |
| 17 | Jeffrey D. Postlewaite, D.O., S.C. | 0.00 | 0.00 | 0.00 |
| 18 | Americorp Financial, LLC | 37,941.77 | 0.00 | 0.00 |
| 19 | US Bank NA dba US Bank Equipment Finance | 127,174.00 | 0.00 | 0.00 |

|  | Total to be paid for timely general unsecured claims: | $ | 0.00 |
|---|---|---|---|
|  | Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

UST Form 101-7-TFR (05/1/2011)